## MARY E. GIBBONS v. JOHN YUNKER.[1]

February 28, 1919.

No. 21,141.

**Abandonment of building by tenant in winter — construction of statute.**

1. Under a statute which imposes a penalty upon a tenant who shall, between November 15 and April 15 remove from, abandon or vacate, a building occupied by him and containing pipes liable to freeze, without giving three days' notice, a tenant who leaves the premises, without intention of returning, in inclement winter weather, abandons the premises, though he may not have actually removed his property therefrom.

**Same — question for jury.**

2. The question whether defendant in this case abandoned a house occupied by him, and whether the abandonment caused damage to plaintiff, should have been submitted to the jury.

Action in the municipal court of the city of South St. Paul to recover $62.09 damages for allowing pipes and radiators to freeze. The answer alleged that the house was unfit for habitation by reason of being cold and useless, and that defendant abandoned said premises for that reason and not otherwise. The case was tried before Converse, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order denying her motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*Harry S. Locke,* for appellant.

*P. H. O'Keefe* and *Cornelius A. Lane,* for respondent.

[1]Reported in 170 N. W. 917.

HALLAM, J.

This action was brought by the owner of a house in South St. Paul to recover damages of a tenant because of the freezing of the water pipes and radiators. In the early part of November, 1917, plaintiff let the second story of her house to defendant. On going to the house on Sunday, December 30, she found defendant removing his effects, the fires out and the pipes frozen. The evidence of plaintiff goes to establish the following further facts: Defendant entered into possession as tenant from month to month. He gave no notice of termination of the tenancy or of his intention to vacate. On the afternoon of Saturday, December 29, one of plaintiff's witnesses went to the house and found that defendant "had everything packed" even to the bed. Defendant was not there nor was his family. At that time "everything was frozen." Next morning, Sunday, "around eight or nine o'clock," another witness went there and no one was there. Later, on Sunday, defendant came and removed his household effects.

The pleader might have stated the facts constituting his cause of action and let the court apply the law applicable to the facts, but he did not do so. The allegations of the complaint are restricted to the charge that defendant "did negligently remove from and vacate and abandon said building without first giving plaintiff * * * three days' notice or any notice whatever of his intention so to remove, contrary to the provision of chapter 213, general laws of Minnesota for 1915."

This statute provides that if a tenant "shall, between the 15th day of November and the 15th day of April following, remove from, abandon or vacate, any building or part thereof, occupied by him * * * as tenant, except upon the termination of his tenancy, and which contains any * * * water, steam or other pipe liable to injury from freezing, without first giving to the landlord, owner or agent in charge, of such building, three days' notice of his intention so to remove, shall be guilty of a misdemeanor."

At the close of plaintiff's testimony, the court on motion of defendant dismissed the case. There seems little question that plaintiff's evidence established a cause of action of some sort. The trial judge apparently took this view. In disposing of the case he expressed the

opinion that "the cause of action that is proven in this case is different from the one that is pleaded," that the cause of action pleaded is the violation of the statute, but that the violation of the statute was not the cause of plaintiff's damage. His view was, that, inasmuch as the defendant's goods were there until Sunday, December 30, defendant had not at that time removed from, abandoned or vacated, the premises, and, since the damage was then done, it was not the removal or abandonment without notice that caused the damage.

1. In our opinion the trial court gave a too restricted construction to this statute. The purpose of the statute is to restrain tenants from abandoning premises to the elements in inclement winter weather, without giving the owner an opportunity to protect the plumbing from freezing, thus permitting not only the wanton destruction of the property, but incidental damage to other occupants as well. There was doubtless some purpose in using the three terms "remove from, abandon or vacate." They are not all synonyms. In our opinion there may be an abandonment without a removal of household effects. If a tenant in freezing weather packs his goods and leaves the house, without intention of returning to again occupy it as his abode, and leaves the water and steam pipes to their certain fate of freezing, it makes little difference whether the packed goods stand on the floor of his dwelling or in some other place. There is an abandonment in either case.

2. Upon the evidence in this case the jury could have found an abandonment of the premises some time previous to the afternoon of December 29. No notice was given, so the statute was violated as soon as the abandonment took place. If the violation of the statute caused the freezing, that is, if the abandonment without notice caused the freezing, it is not questioned that defendant is liable. Of course, if the damage had been done before the defendant abandoned the premises, the abandonment did not cause it, but, if the freezing followed the abandonment, sufficient causal connection was shown. Whether on the evidence the jury could find that the freezing followed the abandonment is not altogether clear. But we think the evidence is sufficient for submission of this question to the jury. The jury might infer that defendant

and his family had not lived in the house without fire in the uninhabitable temperature prevailing at that time.

Order reversed and new trial granted.