## MARY E. GIBBONS v. JOHN YUNKER.[1]

April 30, 1920.

No. 21,749.

**Verdict sustained.**

1. The evidence sustains the verdict.

**Refusal to give request to jury not prejudicial error, when.**

2. No reversible error is made when a requested instruction, not based upon a cause of action pleaded or tried and less favorable to the party making the request than the charge given, is refused.

[1]Reported in 177 N. W. 632.

**Abandonment of premises by tenant — notice of intention — charge to jury.**

3. Since plaintiff's complaint predicated recovery upon a violation of chapter 213, Laws 1915, which makes it a misdemeanor for a tenant to abandon, between November 15 and April 15, rented premises whereon might be plumbing or pipes liable to injury from freezing, without giving the landlord three days' notice of the intention to abandon the same, it was proper for the court to point out to the jury that the abandonment must have taken place prior to the injury. If the freezing occurred before defendant formed the intention to abandon, there could be no recovery for failure to give the notice.

After the former appeal, reported in 142 Minn. 99, 170 N. W. 917, the case was tried before Converse, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict in favor of defendant. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*Harry S. Locke,* for appellant.

*P. H. O'Keefe* and *C. A. Lane,* for respondent.

HOLT, J.

Suit by landlord against a tenant for damages for the freezing of water pipes and radiators in the leased premises. Verdict for defendant and plaintiff appeals.

The case was here on a former appeal (Gibbons v. Yunker, 142 Minn. 99, 170 N. W. 917), and the opinion therein states fully the matters at issue. Upon retrial the jury were instructed to award damages if they found that defendant had entered into an agreement to operate the heating plant whenever the tenant occupying the floor below was away, and also if they found that defendant had abandoned the premises without giving notice to plaintiff before so doing and by reason of such abandonment the freezing occurred. On either theory the evidence supports the verdict returned.

Error is assigned because of the refusal to give this requested instruction: "If the evidence shows that while the defendant, John Yunker, was in charge of plaintiff's house, as a tenant, he negligently permitted the radiators and water pipes to freeze so that they cracked

and burst, then you must find a verdict for plaintiff for such amount as she was damaged by the freezing." The case was neither brought nor tried on the theory of negligence. As above indicated, the court held a recovery proper if the jury found that defendant had agreed to operate the heating plant whenever the tenant who lived on the lower floor was away. There was but one heating plant for the building, and it was the duty of the tenant of the floor below to run the plant, unless this agreement was made. This ground of recovery was not pleaded, but was litigated by consent. It is plain that on this theory of recovery plaintiff cannot well complain of the refusal to give the requested instruction, for the court charged that if the agreement claimed by her existed she should have the verdict, thus eliminating both the question of due care and of negligence. The charge as given was much more favorable to plaintiff than her requested instruction.

As to the theory of recovery stated in the complaint the charge was in strict conformity to the law expressed in our former opinion, and the only criticism now made is to this precautionary sentence: "Bear in mind, however, that if the freezing and bursting of the pipes and radiators is caused in spite of said notice, or, rather, if caused before the defendant vacated or abandoned the premises, not because of his abandonment without giving the notice, of course no liability would follow." Here also if the jury found abandonment before the freezing, there was no defense, for no notice had been given plaintiff. And if the freezing had wrought the damage before there was an abandonment, no recovery could be had under the restricted complaint which bottomed the cause of action upon a violation of chapter 213, p. 315, Laws 1915, the statute making it an offense to abandon, during freezing weather, rented premises without giving the landlord notice. The cause of action pleaded did not involve the issue of negligence. If the pipes burst through freezing after the abandonment, defendant was liable no matter how great care he had taken to protect them against frost, for he had given no notice.

There is no error in the record.

Order affirmed.